IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARTHA CUELLAR<br>Plaintiff(s) | §<br>§<br>§ | |
| v. | § | Cause No. |
| | § | |
| SUNRISE CREDIT SERVICES, INC.<br>and JOHN and/or JANE DOES 1-10<br>Defendant(s) | §<br>§<br>§ | EP10CV0063<br>COMPLAINT |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Texas Debt Collections Practices Act ("TDCPA"), the Texas Finance Code Chapter 392.001 et. seq; and the Texas Deceptive Trade Practices Act ("DTPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff MARTHA CUELLAR (hereinafter "CUELLAR") is a natural person who resides here in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Texas Finance Code 392.001(6).

5. Defendant SUNRISE CREDIT SERVICES, INC. (hereinafter "SUNRISE") is a collection agency operating from an address of 260 Airport Plaza, Farmington, New York, 11735, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6). SUNRISE can be served with process by mailing a copy of same to its Chairman and/or Chief Executive Officer, Richard G. Doane, at 260 Airport Plaza, Farmington, New York, 11735.

6. Defendant SUNRISE regularly uses the mails and telephones to collect consumer debts originally owed to others.

-1-

7. Defendants John and/or Jane Does No. 1-10 are employees of SUNRISE and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

8. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as JOHN and/or JANE DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will seek permission from the court to amend this complaint to show the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants designated as a John or Jane Doe was in some manner responsible for the occurrences and injuries alleged herein.

9. At all times mentioned herein, each of the Defendants was the agent and employee of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining named Defendants. All actions of each of the defendants were ratified and approved by the other named Defendants.

## FACTUAL ALLEGATIONS

10. During the month of December, 2009, CEULLAR began receiving telephone calls from SUNRISE who claimed to be phoning CUELLAR on behalf of its client, ARROWOOD INDEMNITY.

11. The purpose of the calls made by SUNRISE was to collect from CUELLAR, a debt purported to be owed to SUNRISE's client, ARROWOOD INDEMNITY.

12. The debt in question was incurred, if at all, for personal, family, or household purposes, and as such is a consumer debt as defined in 15 U.S.C.1692a(5) and Texas Finance Code Section 392.101(2).

13. The debt was purportedly the result of a contract entered into between HECTOR A. RUBALCAVA and U.S. BANK and guaranteed by CUELLAR.

14. SUNRISE's client, the aforementioned ARROWOOD INDEMNITY, upon information and belief, claims to be the owner of the purported debt by having it assigned to it, by U.S. BANK.

15. Upon being contacted representatives of SUNRISE, CUELLAR informed those representatives, that she had not guaranteed the note in question and accordingly, she requested verification of the debt.

16. During a phone call which took place in December of 2009, a SUNRISE employee who identified herself as "Francine Ram," contacted CUELLAR in a further attempt to collect the purported debt.

17. Ms. Ram failed during the course of that conversation, to inform CUELLAR that Ram, and her employer SUNRISE, were debt collectors and that any information obtained during the conversation would be used for that purpose.

18. Further, during the course of the conversation referred to in paragraphs 16 and 17 above, Ms. Ram falsely and deceptively stated to CUELLAR that CUELLAR "had 30 days to dispute [the debt] with a police report and that [she, Ram] had not received it yet...."

19. There is no requirement under the Federal Fair Debt Collection Practices Act, nor any other federal or Texas state statute, which requires a consumer file a police report in order to dispute a consumer debt.

20. Further, while the contract in question purports to be signed by a Martha Cuellar, the document was, in fact, not signed by Plaintiff.

21. Further, and pleading in the alternative, even if CUELLAR had guaranteed the note in question, the debt resulting therefrom, upon information and belief, has been in default for a period greater than four years and therefore the statement made by Ram during the conversation referred to above, that "my office can't hold this any longer they want to proceed legally against you," is false and deceptive in that it implies CUELLAR could be sued when if fact SUNRISE could not, or did not intend to do so, as said action would be time barred.

22. The conduct of Defendants and each of them in harassing Plaintiff in an effort to collect an alleged consumer debt b engaging in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt; by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt; by falsely representing the character, amount, or legal status of Plaintiff's alleged debt; by threatening to take any action that cannot legally be taken or that was not intended to be taken; by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning Plaintiff; by failing to disclose in subsequent communications that the communication is from a debt collector; by using unfair or unconscionable means to collect or attempt to collect any debt is violative of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692d; 1692e; 1692e(2)(A), (5), (10) and(11); 1692f and 1692g.  Further, the acts of Defendants are violative of Texas Finance Code § 392.301; 392.304(5) (B), (8), and (19).

*Summary*

23. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### COUNT II
### TEXAS FINANCE CODE

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Finance Code, including, but not limited to, each and every one of the above-cited provisions of the Texas Finance Code § 392 et seq.

29. Plaintiff is entitled to recover both statutory and actual damages along with reasonable attorney's fees, and costs.

### COUNT III
### DECEPTIVE TRADE PRACTICES ACT

30. Plaintiff would show the acts of Defendants herein are unconscionable actions or courses of action and therefore violative of section 17.50E of the Texas Deceptive Trade Practices Act.

### TRIAL BY JURY

31. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Texas Finance Code § 392.403(2) against each and every Defendant.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Texas Finance Code § 392.403(b) against each and every Defendant.

- For an award of treble damages pursuant to Finance Code § 392.404 which states a violation of the Texas Finance Code is a *per se* violation of section E of the Texas Deceptive Practices Act; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

_____
**SCOTT A. VOGELMEIER**
**Attorney for Plaintiff**
State Bar No.: 24015139
1112 Myrtle Avenue
El Paso, Texas 79901
(915) 544-3100
(915) 577-0160 Facsimile

```
DUPLICATE

Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300004535
Cashier ID: mgallego
Transaction Date: 02/16/2010
Payer Name: SCOTT A. VOGELMEIER
----------------------------------
CIVIL FILING FEE
 For: MARTHA CUELLAR
 Case/Party: D-TXW-3-10-CV-000063-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2187
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

CIVIL FILING FEE

FBO MARTHA CUELLAR

DTXW310CV000063-001-KC

MARTHA CUELLAR VS SUNRISE CREDIT
SERVICES, INC. et.al.
```